IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:13-CV-75-FL

| | |
|---|---|
| **JACKIE LEE CHESTER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **ORDER** |
| v. | ) |
| | ) |
| **ADAMS AUTO WASH,** | ) |
| | ) |
| **Defendant.** | ) |

This matter comes before the undersigned on the motion for entry of default and default judgment [DE 8] filed by *pro se* plaintiff Jackie Lee Chester ("Chester"). On February 5, 2013, Chester was allowed to proceed *in forma pauperis*. The complaint was filed and the proposed summons prepared by Chester was issued by the Clerk's Office and delivered to the United States Marshal for service. On February 28, 2013, the summons was returned executed by the United States Marshal with the return of service indicating that service by certified mail was received by Neil Yon at Adams Auto Wash, 334 N. Spence Avenue, Goldsboro, NC 27530 on February 14, 2013.

Rule 4(h) of the Federal Rules of Civil Procedure establishes the procedure for serving corporations, partnerships and associations. For service inside the United States, those entities can be served in one of three ways, (a) in the manner authorized by the state in which the service is to be accomplished; (b) by delivering the summons and complaint to an officer, managing agent or general agent; or (c) by delivering the summons and complaint to an agent authorized by appointment or by law to receive service of process.

As the summons that was prepared by Chester is not directed to an officer or registered agent for Adams Auto Wash and the return of service does not indicate that Neil Yon is accepting service in that capacity, it is unclear whether service has been perfected in accordance with Rule 4(h). Therefore, plaintiff's motion for entry of default [DE 8] is denied without prejudice. Since entry of default is a prerequisite for entry of default judgment, the motion for default judgment is also denied without prejudice.

Because the time limit for service pursuant to Rule 4(m) is nearing expiration, good cause exists for an extension of time for effecting service. The case manager is directed to send another summons form to the plaintiff to be completed in accordance with the federal rules. Chester has until June 7, 2013 to return the summons to the Clerk's Office for issuance and delivery to the United States Marshal. The United States Marshal has through June 30, 2013 to serve the summons and complaint. Chester's failure to comply with this order will result in the case being forwarded to the presiding district judge for possible dismissal for failure to prosecute.

This the 28th day of May, 2013.

Julie A. Richards
Clerk of Court