IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CV-75-FL

| | | |
|---|---|---|
| JACKIE LEE CHESTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ADAMS AUTO WASH, INC. | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on plaintiff's motion for entry of default and motion for default judgment (DE 14), and defendant's motion to dismiss. (DE 21).

## BACKGROUND

Plaintiff, proceeding *pro se,* filed complaint February 5, 2013, alleging discrimination. (DE 4). Plaintiff's summons issued, as proposed, to "Adams Auto Wash, 334 N. Spence Avenue, Goldsboro, NC 27530." (DE 5). After the court notified plaintiff that this service did not comply with Rule 4(h) of the Federal Rules of Civil Procedure, plaintiff reissued summons on June 5, 2013, specifically addressed to "Vice President Neil Yon of Adams Auto Wash, Inc., Seacor, Inc.," at the same location as the previous summons. (DE 11). Service of summons and complaint was accomplished June 20, 2013, pursuant to return filed July 1, 2013. (DE 12).

When defendant failed to respond, plaintiff moved for entry of default and default judgment against "Adams Auto Wash Inc." on August 20, 2013. (DE 14). Thereafter, on September 12, 2013, defendant, through counsel, entered an appearance (DE 17). Defendant moved on that date for an extension of time to respond to the complaint and plaintiff's default efforts, which motion was

allowed. (DE 18, 19). It then filed October 2, 2013, a motion to dismiss and answer to the complaint in a single document, with a separate supporting memorandum of law, addressing the motion part of that filing. (DE 21, 22).

**COURT'S DISCUSSION**

The time for any response to plaintiff's motion for entry of default and motion for default judgment now having expired, while plaintiff's time to respond to defendant's motion to dismiss has not yet elapsed, the court takes up these motions in unified fashion. Where defendant's motion to dismiss is denied, for reasons set forth below, plaintiff suffers no prejudice by being relieved of necessity to respond.

Turning first to plaintiff's effort to obtain default judgment in the case, Rule 55 of the Federal Rules of Civil Procedure provides that default is warranted when a party "has failed to plead or otherwise defend." Judges have "discretion, which must be liberally exercised, in entering [default] judgments and in providing relief therefrom." U.S. v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982). Because defendant entered an appearance and has responded, the court denies plaintiff's motion for entry of default and for default judgment.

Defendant, in turn, moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, 12(b)(4) for insufficient process, 12(b)(5) for insufficient service of process, and 12(b)(6) for failure to state a cause of action. Except for the 12(b)(6) motion, all grounds arise from plaintiff's failure to amend the original complaint to reflect defendant's full legal name, although plaintiff did eventually reframe the summons as directed by the court.

"It has long been the rule in this circuit that service of process is not legally defective simply because the complaint misnames the defendant in some insignificant way." Morrel v. Nationwide

Mut. Fire Ins. Co., 188 F.3d 218, 224 (4th Cir. 1999)(holding that the absence of an appropriate "Inc." in naming defendant was irrelevant); see Creque v. Accu-Fab, Inc. 2011 U.S. Dist. LEXIS 92735 (E.D.N.C. 2011) (denying dismissal when defendant's "Inc." designation was correctly provided in summons but not in complaint). The misnomer in this case is insignificant. No one has been misled by this failure and the correct party has accepted service. Furthermore, plaintiff's recent motion for entry of default and default judgment refers to defendant with the correct designation. The court therefore denies defendant's motions related to personal jurisdiction and service.

The court denies without prejudice the defendant's motion to dismiss based on Rule 12(b)(6). However, where the original complaint is lacking specific detail, the court directs plaintiff to file a more particularized complaint within twenty-one (21) days from date of entry of this order. Failure to do so may result in dismissal.

## CONCLUSION

For the foregoing reasons, the court DENIES plaintiff's motion for entry of default and for default judgment. The court DENIES defendant's motion to dismiss based on Rules 12(b)(2), 12(b)(4) and 12(b)(5). The caption of this case is amended of the court's initiative now to correspond with the caption appearing on this order. The court DENIES the defendant's motion to dismiss based on Rule 12(b)(6), without prejudice. Plaintiff is directed to file a more particularized complaint within twenty-one (21) days from date of entry of this order, and thereafter, defendant shall respond in accordance with the Rules.

SO ORDERED this the 10th day of October, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge