IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CV-75-FL

JACKIE LEE CHESTER,                          )
                                             )
                   Plaintiff,                )
                                             )
          v.                                 )                    ORDER
                                             )
ADAMS AUTO WASH, INC.,                       )
                                             )
                   Defendant.                )

The court issued an initial order regarding planning and scheduling on December 10, 2013,

directing the parties to hold a conference within twenty-one (21) days, pursuant to Federal Rule of

Civil Procedure 26(f). (DE 39). In plaintiff's motion for miscellaneous relief (DE 46), he makes

reference to defendant's failure to abide by court imposed deadlines. There have been many excuses

offered to date by defendant in explanation of why late filings should be received or more time given

to comply. No discovery proposal was offered by defendant who plaintiff repeatedly complains

refused even to confer on scheduling activities.

On January 13, 2014, *pro se* plaintiff filed a "Detailed Discovery Plan and Authority in

Support Thereof." ("Plaintiff's Discovery Plan") (DE 41). Therein plaintiff states that defendant

has failed to respond to efforts to arrange the Rule 26(f) conference. The court noted plaintiff's

plan did not propose any deadlines with respect to the contents of a scheduling order required by

Rule 16(b)(3). Upon consideration of that plan, the court entered its order on scheduling, providing

in part the following:

1.    Any motion for leave to join additional parties or to otherwise amend the pleadings shall be filed by April 1, 2014.

2.    All discovery shall be commenced or served in time to be completed by May 30, 2014.

3.    All motions shall be filed in compliance with Local Civil Rule 7.1.

4.    All motions, including dispositive ones, shall be filed by July 29, 2014.

The instant motion complains of the failure of defendant to comply with mandated obligation to make initial disclosures. It sounds as one to compel, seeks sanctions, and attempts to articulate a set of discovery requests where plaintiff interposes in the motion filed July 29, 2014, requests for production of documents. The court also reads the motion as one seeking more time to conduct discovery in the case where that deadline expired May 30, 2014, because of difficulties encountered in his attempts to address defendant through counsel.

On August 12, 2014, defendant filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, relying upon several affidavits. Among other things, defendant argues being accused of fondling a female employee not of his race is the opposite of racial discrimination. No reference is made to supporting case law for this or any other proposition urged. Defense counsel states in his memorandum that plaintiff has not contacted counsel, not participated in any scheduling order, and not attempted to conduct discovery. This contradicts matters of record in the case as stated by plaintiff repeatedly in filings.

Without reaching the merits of the motion (DE 47), the court DENIES it with leave for renewal after conduct of discovery in this case. Rule 56(d), Fed.R.Civ.Pro. As such, plaintiff's motion for extension of time to conduct discovery (DE 46) is ALLOWED.

2

The court holds in abeyance any ruling on request for sanctions, pending hearing and Rule 16 conference before a magistrate judge, for the purposes of 1) developing the truth as to the parties contradictory representations concerning contact between plaintiff and defendant in response to the court's initial order; 2) the status of any Rule 26(a)(1) initial disclosures which must be provided without any written discovery request unless otherwise ordered; 3) and establishing a time frame for certain pretrial activities, including discovery, the deadline for filing dispositive motions, and any other pretrial deadlines deemed necessary to be decided. The magistrate judge will enter appropriate order on a new case schedule after conference with the parties, and find such facts upon hearing as may be necessary in order to decide the request for sanctions.

In accordance with these rulings, the case is referred to Magistrate Judge Kimberly A. Swank for purposes herein determinated as necessary to be undertaken. Magistrate Judge Swank will notice conference and hearing date at Greenville, North Carolina.

SO ORDERED, this the  14th  day of August, 2014.


LOUISE W. FLANAGAN
United States District Judge

3