IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-75-FL

| | | |
|---|---|---|
| JACKIE LEE CHESTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER AND |
| v. | ) | MEMORANDUM & |
| | ) | RECOMMENDATION |
| ADAMS AUTO WASH, INC., | ) | |
| | ) | |
| Defendant. | ) | |

By order entered August 14, 2014, this matter was referred to the undersigned by United States District Judge Louise W. Flanagan for an evidentiary hearing with respect to Plaintiff's motion for sanctions and for a Rule 16 conference and entry of a new scheduling order. (*See* Aug. 14, 2014 Order [DE #50].) This matter was scheduled for hearing on October 28, 2014, the matter having been continued to that date at the request of Defendant's counsel, David C. Sutton ("Sutton"). (*See* Mot. Continue [DE #52]; Continuance Order [DE #54].) On October 27, 2014, the undersigned was informed that the North Carolina State Bar had announced it was taking disciplinary action against Sutton. When this matter was called for hearing on October 28, 2014, Plaintiff, Jackie Lee Chester, ("Plaintiff" or "Chester") was present in court, but neither Sutton nor anyone else purporting to represent Defendant Adams Auto Wash, Inc., appeared for the scheduled hearing.

At the hearing of this matter, Chester provided sworn testimony concerning his efforts to comply with the court's initial order regarding planning and scheduling, entered December 10, 2013. Chester testified that he called Sutton's office on January 2, 2014, and spoke with Sutton's secretary. He told Sutton's secretary who he was, gave her the case number and stated

that he was calling to speak with Sutton about the hearing ordered by the court. Sutton's secretary indicated that she would relay the message. Chester stated that he called Sutton again around 12:30 p.m. that same day. Sutton's secretary again answered the phone but hung up on Chester. Chester recalls that he called Sutton's office a third time approximately three days later. He was not provided with any information and did not make any further calls to Sutton because he was concerned about being accused of harassment. Chester testified he has never spoken with Sutton and, other than court filings, has never heard from Sutton.

In response to the court's December 10, 2013, order, Chester filed a proposed discovery plan on January 13, 2014. (*See* Rule 26(f) Report [DE #41].) In that filing, Chester stated that Defendant had not responded to his calls. (*Id.* at 2.) In an apparent attempt to provide initial disclosures to Defendant as required by Rule 26(a)(1), Chester provided a breakdown of damages sought and indicated that the names of potential witnesses "all come from [D]efendants['] files and records." (*Id.* at 3.) Also included within Chester's filing were requests for certain documents maintained by Defendant. (*Id.* at 2.) Chester testified that he served a copy of the filing upon Sutton, and a certificate of service filed by Chester indicates service was made on January 11, 2014. (*Id.* at 4.)

On July 29, 2014, Chester filed a motion in which he reiterated his requests for certain records maintained by Defendant. (*See* July 29, 2014 Filing [DE #46] at 2.) The record indicates that Chester served Sutton with a copy of this filing on July 29, 2014. (*Id.* at 4.)

Chester testified that approximately two weeks before the October 28, 2014, hearing he visited the Adams Auto Wash store where he was previously employed. He stated that he spoke with the manager, Larry. Larry refused to provide Chester with any information or documentation and told Chester to get off the property.

2

Chester testified that as of the date of the hearing he had not received any documents in response to his discovery requests nor had he received any Rule 26(a)(1) disclosures from Defendant. Although he has not provided Defendant with a list of the names and addresses of individuals likely to have discoverable information, Chester explained that is because he does not have the full names or contact information for the employees of Adams Auto Wash.

The undersigned finds Chester's testimony at the hearing of this matter to have been candid and credible. Based upon Chester's testimony, the undersigned finds that Chester has made ample efforts to comply with the court's December 10, 2013, order and that Sutton has failed or refused to do so.

Since the hearing of this matter, the court has been informed that on November 13, 2014, the North Carolina State Bar ("State Bar") entered an order suspending Sutton's license to practice law in the State of North Carolina for a period of five years upon finding that he had engaged in a pattern of unprofessional and unethical behavior in the conduct of his practice. The State Bar further ordered Sutton to wind down his practice prior to the suspension's effective date, which the court has been advised is December 15, 2014.

Given the disciplinary action recently taken by the State Bar, an order to show cause should be issued to Sutton pursuant to Local Civil Rule 83.7b(b). Absent proof of one of the circumstances set forth in Rule 83.7b(d) or a stay of the State Bar's order, an order of identical discipline shall be imposed by this court. Local Civil Rule 83.7b(d), EDNC. In that event, it will be necessary for Defendant to retain new counsel, as corporations and other artificial entities may not appear in federal court without counsel. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993).

## **CONCLUSION**

For the foregoing reasons, it is RECOMMENDED as follows:

1. That an order to show cause be issued to Sutton pursuant to this court's Local Civil Rule 83.7b(b);

2. That this action be stayed for a period of forty-five days to allow Sutton time to respond to the show cause order and for Defendant to secure new counsel, if necessary;

3. That Plaintiff be allowed his reasonable costs and expenses in this matter; and

4. That the clerk send a copy of this Order and Memorandum and Recommendation, as well as the court's order thereon, to Kyeung-Guk Calvin Min, Registered Agent for Adams Auto Wash, Inc., 334 N. Spence Avenue, Goldsboro, NC 27530.

It is further ORDERED that on or before December 29, 2014, Plaintiff shall submit to the court, under oath or penalty of perjury, a written statement of the costs and expenses incurred by him in connection with the hearing of this matter, including any travel expenses.

The Clerk shall send copies of this Memorandum and Recommendation to the parties or their counsel, who shall have fourteen (14) days from the date of service to file written objections. Failure to file timely, written objections shall bar an aggrieved party from receiving de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Judge.

This 4th day of December 2014.

KIMBERLY A. SWANK
United States Magistrate Juge