IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CV-75-FL

| | | |
|---|---|---|
| JACKIE LEE CHESTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ADAMS AUTO WASH, INC., | ) | |
| | ) | |
| Defendant. | ) | |

With benefit of a memorandum and recommendation from the magistrate judge, this matter comes before the court upon various issues presented which include: 1) propriety of an award of costs and expenses to plaintiff upon defendant's failure to attend scheduling conference and hearing before the magistrate judge; 2) necessity for any amended case schedule; and 3) address of issues concerning representation of defendant.

BACKGROUND

The court has had occasion already in this case to comment upon defendant's litigation failings. See 8/14/14 Order. The court denied therein defendant's unsupported motion for summary judgment (DE 47), without prejudice. The court also referred plaintiff's motion for miscellaneous relief (DE 46) to a magistrate judge for hearing. Plaintiff complained of the failure of defendant to comply with mandated obligation to make initial disclosures and to respond in discovery. The court noted said motion sounded as one to compel, and for sanctions, and also an attempt to articulate a set of discovery requests where plaintiff, proceeding *pro se*, interposed in the motion requests for production of documents. The court read the motion also as one seeking more time to conduct

discovery in the case where that deadline expired May 30, 2014, because of difficulties encountered in plaintiff's attempts to address defendant in this regard.

In its motion for summary judgment filed August 12, 2014, defendant complained that plaintiff has not contacted its counsel, participated in the preparation of any scheduling order, nor attempted to conduct discovery, which statements directly contradicted matters of record in the case. As stated by plaintiff repeatedly in his filings, plaintiff has been diligent in this regard.

Upon its denial of defendant's motion for summary judgment, and allowance of plaintiff's motion for extension of the deadline for discovery, in order entered August 14, 2014, the court postured the matter for hearing before the magistrate judge where it:

> [H]olds in abeyance any ruling on request for sanctions, pending hearing and Rule 16 conference before a magistrate judge, for the purposes of 1) developing the truth as to the parties contradictory representations concerning contact between plaintiff and defendant in response to the court's initial order; 2) the status of any Rule 26(a)(1) initial disclosures which must be provided without any written discovery request unless otherwise ordered; 3) and establishing a time frame for certain pretrial activities, including discovery, the deadline for filing dispositive motions, and any other pretrial deadlines deemed necessary to be decided. The magistrate judge will enter appropriate order on a new case schedule after conference with the parties, and find such facts upon hearing as may be necessary in order to decide the request for sanctions.

August 14, 2014, Order at p. 3.

The matter was set for hearing before Magistrate Judge Swank at Greenville on September 18, 2014. Defendant requested continuance in light of conflict with counsel's hearing before the North Carolina State Bar, which request the magistrate judge allowed. Hearing was reset upon defendant's request for October 28, 2014. On that date, neither counsel nor a party representative

2

showed on behalf of defendant for hearing, attended by plaintiff, a long distance truck driver, at considerable personal expense and effort.

The magistrate judge received plaintiff's sworn testimony, detailing many efforts to engage in discovery planning, repeatedly thwarted by defendant. Plaintiff's attempts to comply with this court's scheduling order are reported, as well as his efforts to obtain discovery. The magistrate judge also noted adverse ruling against counsel for defendant November 13, 2014, by the North Carolina State Bar, requiring him to tender his law license by December 15, 2014, on which date his practice was ordered to be wound down.

In response to the memorandum and recommendation of the magistrate judge, defendant's counsel filed December 15, 2014, (but failed to serve) an omnibus notice in this case (and others) asserting continuation of his license to practice in light of a stay of the suspension order, entered by the North Carolina Court of Appeals December 12, 2014, now dissolved upon adverse ruling. Defendant entirely failed to address the merits of the magistrate judge's submission, nor has its former counsel filed any notice of withdrawal or any new counsel for the corporate defendant arisen.

COURT'S DISCUSSION

In this ungainly posture the court takes up the issues presented which include award of fees and expenses to plaintiff upon defendant's failure to attend scheduling conference before the magistrate judge, necessity for any amended case schedule, and issues concerning representation of defendant where it is well-established that a corporation cannot proceed *pro se.*

The court accepts the magistrate judge's factual findings including that plaintiff was credible and reliable in his testimony. The court adopts them as its own. Defendant's failures in discovery

planning and responsiveness border on the egregious. Its lawyer untruthfully represented that status of plaintiff's efforts in this regard in filing with this court.

The court allows plaintiff his reasonable costs and expenses of or relating to the October 28, 2014, hearing before the magistrate judge. Plaintiff filed January 20, 2015, his statement in response to court order detailing costs and expenses, to which defendant will be given opportunity to respond,[1] pending final ruling.

Defendant is allowed 14 days to obtain new counsel who shall file notice of appearance. Defendant is allowed a total of 28 days from this date within which to respond to plaintiff's statement of costs and expenses. Thereafter the court will enter such order as it deems appropriate concerning that award. It will also consider necessity for any amendment to the case schedule in effect. The clerk shall serve a copy of this order together with plaintiff's response at DE 3 59 on Kyeung-Guk Calvin Min, Registered Agent for Adams Auto Wash, Inc., 334 N. Spence Avenue, Goldsboro, NC 27530

## CONCLUSION

The court ADOPTS in part and DENIES in part the magistrate judge's memorandum and recommendation, as set forth above.

SO ORDERED, this the 3rd day of February, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge

---

[1] In light of issues presented, plaintiff reports he has not served this filing upon defendant and seeks the court so to do. The court will in this instance direct the clerk to serve his response upon the corporate defendant.

4