IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CV-75-FL

| | | |
|---|---|---|
| JACKIE LEE CHESTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ADAMS AUTO WASH, INC., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on plaintiff's motion to reopen discovery (DE 79), and upon defendant's status report. (DE 78). The issues raised have been briefed fully, and in this posture are ripe for ruling. For the reasons that follow, plaintiff's motion to reopen discovery is granted, within the parameters set forth herein.

**STATEMENT OF THE CASE**

On February 1, 2013, plaintiff, Jackie Lee Chester, brought this action pro se pursuant to Title VII of the Civil Rights Act, 42 U.S.C. § 2000 et seq. (DE 1-1). The complaint alleged defendant, Adams Auto Wash, Inc., committed employment discrimination based on plaintiff's race. (DE 1-1). At the direction of the court (DE 26), plaintiff filed a more particularized complaint, including a number of exhibits, on October 30, 2013. (DE 27). The court construed plaintiff's complaint and particularized complaint to allege three discriminatory acts by defendant: reducing plaintiff's hours, terminating plaintiff's employment, and creating a hostile work environment. (DE 42). With regard to the third claim, the court found plaintiff's particularized complaint alleged 14 incidents of employment discrimination based on race, which it considered sufficient to support a

hostile work environment claim based on "a series of separate acts that collectively constitute[d] one unlawful employment practice." (DE 42).

On August 12, 2014, defendant filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, relying upon several affidavits. (DE 47, 48-1, 48-2). In its supporting memorandum, defendant argued that plaintiff was promoted despite multiple workplace violations, that plaintiff's hours were reduced due to business necessity, that plaintiff's termination stemmed in part from his overcharging a customer, and that defendant accusing plaintiff of fondling a female employee who was not of his race was "the opposite of racial discrimination." (DE 48). The court declined to consider the merits of the motion, finding that defendant failed to provide any case law and included insufficient support for its arguments. Defendant's motion for summary judgment was denied without prejudice, with leave for renewal after conduct of discovery. (DE 50).

On December 10, 2013, the court issued an initial order regarding planning and scheduling pursuant to Rule 26(f). (DE 39). Plaintiff filed a proposed scheduling order on January 13, 2014 (DE 41); defendant neither joined plaintiff's proposed order, nor filed a separate proposed order. On February 3, 2014, the court issued a case management order establishing deadlines for discovery and dispositive motions. (DE 43). On July 29, 2014, plaintiff filed a motion for miscellaneous relief, in which he sought sanctions against defendant's counsel, Mr. David Sutton; articulated a set of discovery requests; and requested an extension of time to conduct discovery. (DE 46). The court granted plaintiff's motion with regard to extension of discovery on the basis that plaintiff had encountered difficulties in his attempts to contact defendant through counsel Sutton. (DE 50).

Among other issues, the matter of discovery was referred for a hearing before Magistrate Judge Kimberly Swank. Although defendant and counsel Sutton failed to appear, plaintiff was

present to present sworn testimony regarding his efforts to engage in discovery, such as making multiple telephone calls, providing a breakdown of damages, requesting certain documents, and seeking the names of supporting witnesses from defendant's business records. (DE 56). The court adopted as its own the magistrate judge's factual findings that plaintiff was credible and reliable in his testimony. (DE 61). The court described defendant's failures in discovery planning and responsiveness as "border[ing] on the egregious," and granted plaintiff reasonable costs and expenses relating to the hearing before the magistrate judge. (Id. at 4; DE 62).

Per the court's order, defendant obtained new counsel, Ms. Serenity Rasmussen, who entered an appearance on April 7, 2015. Shortly thereafter, the parties filed a joint proposed scheduling order pursuant to Rule 26(f). On April 17, 2015, the court issued an amended case management order setting new deadlines and directing the parties jointly to suggest available dates for settlement conference. (DE 66). On June 30, 2015, counsel Rasmussen was replaced as attorney for defendant by Mr. Charles McLawhorn, Jr.

On August 12, 2015, defendant submitted a motion for an order setting mediation (DE 70), which the court granted. (DE 71). The parties conferred and jointly proposed three alternative dates for court-hosted mediation. (DE 72). Both parties participated in mediation before Magistrate Judge Swank on September 2, 2015, although they reached no agreement. (DE 74).

On October 13, 2015, the court issued a text order directing the parties to file, by October 30, 2015, a joint status report contemplating the scheduling of remaining case activities. Defendant stated that it contacted plaintiff, but was unable to file a joint report because plaintiff informed defense counsel that his work schedule prohibited any meeting until after December 2015. Accordingly, defendant filed its own status report on October 27, 2015. (DE 78). Defendant's

3

report proposed that trial in this case should be set for February or March 2016, and estimated that trial will last approximately three days. Plaintiff did not file a status report before the deadline expired.

On November 30, 2015, plaintiff filed the instant motion to reopen discovery. (DE 79). Plaintiff argues that defendant's most recent attorney, counsel McLawhorn, has failed to address plaintiff's previous filings and requests regarding discovery. In support, plaintiff points to his thwarted attempts at discovery earlier in this case, involving defense counsel Sutton. Plaintiff also asserts that he corresponded with counsel Rasmussen, and that they reached agreement on some aspects of discovery before counsel Rasmussen departed the firm of McLawhorn & Associates. Therefore, plaintiff requests, discovery should be reopened as to both parties.

Defendant filed a response in opposition to plaintiff's motion on December 14, 2015. (DE 80). In the response, defendant reads plaintiff's request as a motion to compel discovery, and argues that it should be denied on the bases that plaintiff failed to file the motion according to the deadline and specificity requirements of Local Civil Rule 7.1, and that it was not accompanied by a proposed order as required by the amended case management order.

## DISCUSSION

A.   Motion to Reopen Discovery

The court "has wide latitude in controlling discovery and . . . . [t]he latitude given the district court extends as well to the manner in which it orders the course and scope of discovery." Ardrey v. United Parcel Service, 798 F.3d 679, 682 (4th Cir. 1986) (collecting cases). Whether to reopen discovery is within the discretion of the court. See Sepracor, Inc. v. Barr Pharmaceuticals, Inc., No. 5:08-CV-362-H(3), 2010 WL 3210720, at *2 (E.D.N.C. Aug. 9, 2010); see also Vodrey v. Golden,

4

864 F.2d 28, 32 (4th Cir. 1988). This court has analyzed the following factors when making such a determination: (1) is the trial imminent; (2) is the request opposed; (3) would the non-moving party be prejudiced; (4) was the moving party diligent during the discovery period; (5) was the request foreseeable based upon the time line set forth by the court; and (6) will the new evidence be relevant to the stated inquiry. Sepracor, Inc., 2010 WL 3210720, at *2; see Domestic Fabrics Corp. v. Sears, Roebuck & Co., No. 4:00-CV-127-H(4) (E.D.N.C. Mar. 11, 2003).

On balance, the court finds that consideration of the above factors weighs in favor of reopening discovery. As to the first factor, the court notes that no trial date has been set in this matter. As to the second and third factors, although defendant opposes the motion, it fails to articulate any prejudice to itself in response. As to the fourth factor, plaintiff has been reasonably diligent in pursuing discovery. This case has an extended history, throughout which defendant has been represented by a series of three different attorneys. During the course of this case, plaintiff contacted each of the three attorneys with regard to discovery, filed at least two motions containing discovery requests, and credibly testified to his discovery efforts before the magistrate judge.

As to the fifth factor, the court acknowledges defendant's argument with respect to deadlines, and notes that plaintiff filed his motion outside the relevant deadline set in the amended case management order. As to the sixth factor, plaintiff points to relevant discovery requests in his previous filings, wherein he requested certain documents and names of supporting witnesses from defendant's business records, in order to support his claim of employment discrimination. In light of the unique circumstances of this case, on consideration of the foregoing factors, the court finds that plaintiff's request to reopen discovery is warranted to the limited extent set forth herein.

B. Case Scheduling

1. All discovery shall be commenced or served in time to be completed by **60 days** from the date of this order.

2. The parties shall confer together, within **14 days** of the date of this order, to develop a plan for limited additional discovery during the extended discovery period. Discovery permitted shall include up to 25 interrogatories and 25 requests for admissions per party.

3. In light of defendant's prior motion for summary judgment filed in this case, and the court's denial of such motion without prejudice, the court finds good cause to extend the deadline for filing dispositive motions to **90 days** from the date of this order.

4. In the event the parties do not file dispositive motions within the time period provided, pursuant to Federal Rule of Civil Procedure 56(f), "the court may . . . consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute." The court gives notice that it intends to consider summary judgment on its own initiative in this matter, with regard to the claims raised in this case. To this end, in the event the parties do not elect to file dispositive motions within the deadline to do so, the court DIRECTS the parties to file statements of undisputed facts underlying the claims at issue in this case.

5. Thereupon, following expiration of the deadline for filing dispositive motions, the court will enter such further order as warranted for the consideration of summary judgment. After the court has considered summary judgment, the court will enter

6

a scheduling order governing deadlines and procedures for final pretrial conference and trial, as appropriate.

## CONCLUSION

For the foregoing reasons, the court GRANTS plaintiff's motion to reopen discovery, and the court DIRECTS continuation of a period of discovery and deadline for dispositive motions as set forth herein.

SO ORDERED, this the 17th day of December, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge